■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIAL CUMBERBATCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered February 23, 1988, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial was properly denied without a hearing, since it is clear from the court file and the parties' papers that a significant portion of the delay was excludable, and the defendant failed to establish that the unexcludable delay was in excess of the statutory period (see, People v Lomax, 50 NY2d 351; cf., People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333; People v Morris, 151 AD2d 701).

Contrary to the defendant's contention, the police had probable cause to arrest him. He was observed near the scene of the crime, running in the same direction as one of the perpetrators. He was found hiding in weeds and rubble behind an abandoned building. Moreover, he matched the general description of one of the perpetrators. Accordingly, the police were justified in detaining the defendant for 5 to 10 minutes and transporting him back to the scene of the crime where he was identified by a witness as one of the perpetrators, thereby providing the police with probable cause to arrest him (see, *People v Hicks*, 68 NY2d 234; *People v Williams*, 150 AD2d 410; *People v Andre A.*, 146 AD2d 704; *People v Fulmore*, 133 AD2d 169).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.