■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Kepner, J.), rendered August 27, 1987, convicting him of leaving the scene of an accident (three counts), criminal mischief in the third degree (three counts), unlicensed operation of a motor vehicle, criminal possession of stolen property in the first degree, attempted grand larceny in the second degree (two counts), possession of burglar's tools, and unauthorized use of a motor vehicle, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Santagata, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant.

Ordered that the judgment is affirmed.

The evidence presented to the hearing court clearly demonstrated that the police had probable cause to arrest the defendant *(see,* CPL 140.10 [1] [b]). The arresting officer was

provided with factual information concerning the defendant's description and the direction of his flight from the scene of the crime. The defendant was found hiding under a woodpile behind a private residence on a street near the crime scene. Moreover, he matched the general description of one of the perpetrators *(see, People v Cumberbatch,* 171 AD2d 671). The description of the defendant, together with his location near the crime scene, and his hiding under a woodpile constituted "facts and circumstances which, viewed together" *(People v Rivera,* 166 AD2d 678, 679, quoting *People v Dawkins,* 163 AD2d 322) could have led the arresting officer to reasonably conclude that the defendant perpetrated the crimes described over police radio broadcasts *(see, People v Rivera, supra; People v Dawkins, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.