■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE KING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered May 3, 1989, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly concluded that the police possessed probable cause to arrest the defendant in connection with a larceny. The hearing evidence established that a police officer observed a black male, holding a white bag, running. Shortly thereafter, the officer encountered the complainant, who informed him that she had just been robbed. She described the perpetrator as a black male, wearing a white shirt, and black pants. The defendant was apprehended about five blocks away from the scene of the purported crime, and shortly after the commission of the crime. His attire matched the description provided (see, People v Johnson, 174 AD2d 694; People v Cumberbatch, 171 AD2d 671; People v Williams, 170 AD2d 629; People v Zarzuela, 141 AD2d 788). Moreover, when the police approached the defendant and identified themselves as police officers, he started to run more quickly. Based upon the foregoing information, the police had probable causes to believe both that a criminal offense had been committed and that the defendant was the perpetrator (see, People v Carrasquillo, 54 NY2d 248, 254).

The defendant also argues that he was subjected to double jeopardy when he was retried on the instant indictment after his first trial ended in a mistrial. Since the mistrial occurred on the defendant's own motion, retrial was not barred (see, People v Catten, 69 NY2d 547). Moreover, inasmuch as the court hearing the defendant's motion to dismiss the indictment on the ground of double jeopardy was the same court that granted the mistrial, and therefore had firsthand knowledge of the facts, it was not necessary to hold a separate evidentiary hearing to determine whether the prosecutorial misconduct which resulted in the mistrial was deliberate (see, People v Copeland, 129 Misc 2d 250).

Finally, the defendant's claim that the court erred in adjudicating him a second felony offender based upon his 1985 plea of guilty to attempted robbery is without merit (see,

*People v Thompson,* 140 AD2d 652). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.