■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SCOTT, Appellant. [602 NYS2d 208] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered June 4, 1990, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 7, 1988, Housing Police Officers Charles Ferris and Edward Rosado received a radio communication informing them that police officers from the 78th Precinct in Brooklyn were in hot pursuit of a red Honda motor vehicle which was occupied by four black males who had perpetrated an armed bank robbery in the area. The radio communication further informed the officers that the red Honda was traveling down Second Avenue towards a large post-office/supermarket complex. As Officers Ferris and Rosado neared the complex, they observed the 78th Precinct vehicle drive past, but the red Honda was nowhere in sight. Ferris and Rosado thereupon drove into the parking lot of the post-office facility, which was immediately adjacent to the supermarket parking lot and separated therefrom by a 10 to 15 foot tall chainlink fence.

Ferris and Rosado, in their police vehicle, commenced a search of the postal facility's loading dock area because, in the words of Officer Ferris, "there's a lot of trailers there to unload mail that a car could hide behind". As this search was

being conducted, a postal employee asked if they "were look- ing for a male black". Upon their affirmative response, the postal employee pointed down an alley where the officers observed the defendant, a black male, running for the fence. The officers drove down the alley and, as the defendant was climbing the fence, they alighted from the police vehicle, with weapons drawn, and ordered him to "stop, not to move". The officers thereupon asked the defendant "where he was going", to which he replied that "he was going shopping". The defen- dant was then ordered off the fence.

While descending the fence, Ferris grabbed the defendant and felt a hard object in his waistband which the officer subsequently determined was a two-way radio. A search pro- duced a sheet of paper on which were written various radio frequencies and corresponding police precincts.

Given the information contained in the radio transmission and the defendant's attempt to flee the postal facility by scaling the tall fence, we conclude that the police acted properly in drawing their weapons and ordering the defendant off the fence (see, People v Allen, 73 NY2d 378; People v Castro, 53 NY2d 1046; People v Chestnut, 51 NY2d 14, cert denied 449 US 1018). Nor was it unreasonable for Ferris, upon feeling a hard object, to retrieve it from the defendant's waistband (see, People v Woods, 64 NY2d 736, 737). Moreover, the defendant's insufficient response to the officers' inquiry and the officers' subsequent recovery of the two-way radio after the initial stop provided probable cause to arrest the defendant and search him (People v Hollman, 79 NY2d 181, 185; People v Hunter, 30 NY2d 774; cf., People v Holmes, 81 NY2d 1056; People v Bronston, 68 NY2d 880). In any event, the defendant's subsequent confession was sufficiently attenu- ated from any illegal arrest (see, People v Conyers, 68 NY2d 982).

In addition, we reject the defendant's contention that he was denied the effective assistance of counsel. True ineffective- ness of counsel should not be confused with an unsuccessful trial strategy. Indeed, absent evidence that defense counsel's performance rendered his representation of the defendant less than meaningful, we decline to accord undue significance to the defendant's hindsight analysis of matters of strategic import (see, People v Garcia, 75 NY2d 973; People v Rivera, 71 NY2d 705; People v Baldi, 54 NY2d 137).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245), or

without merit *(see, People v Canty,* 60 NY2d 830; *People v Taylor,* 155 AD2d 630). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.