■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON VALE, Appellant. [603 NYS2d 515] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered March 27, 1990, convicting him of reckless endangerment in the first degree, leaving the scene of an accident without reporting, and failure to obey a traffic control signal, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the Trial Judge's questioning of defense witnesses, as well as certain comments he made during the trial, denied him a fair trial.

A Trial Judge is not prohibited from actively participating

in the fact-finding process, although "care should be assiduously exercised lest the Trial Judge's conduct, in the form of words, actions or demeanor, does not divert or itself become an irrelevant subject of the jury's focus" *(People v De Jesus,* 42 NY2d 519, 523; *see, People v Jamison,* 47 NY2d 882; *People v Bell,* 38 NY2d 116). On this record, it does not appear that the jury was prevented from arriving at an impartial verdict on the merits *(see, People v Moulton,* 43 NY2d 944, 946; *People v Gonzalez,* 38 NY2d 208, 210).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.