■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHY LOURENS, Appellant. [617 NYS2d 779] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered October 11, 1990, convicting her of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court properly concluded that the People had effectively communicated their readiness for trial on May 8, 1989, within the six-month time period set forth in CPL 30.30 *(see, People v Kendzia,* 64 NY2d 331; *see also, People v Cumberbatch,* 171 AD2d 671), a finding of fact which we decline to disturb.

The court also properly charged the People for only one additional day of post-readiness delay caused by the unavailability of their trial assistant on June 25, 1990. Unlike the facts of *People v Jones* (68 NY2d 717), the People here indi-

cated that they had a substitute trial assistant available for the next day. The court found that the subsequent delay after June 25 was caused by its own attendance at a judicial seminar, a period that it properly refused to charge against the People (see, People v Cortes, 80 NY2d 201; People v Anderson, 66 NY2d 529). Under the circumstances, the defendant's motion to dismiss the indictment on the ground that she did not receive a speedy trial was properly denied.

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.