■ The People of the State of New York, Respondent, v Lawrence Smith, Appellant. [635 NYS2d 517] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered December 16, 1992, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), robbery in the first degree, and burglary in the first degree, upon a jury verdict, and sentencing him to $8^1/_3$ to 25 years imprisonment on each of his convictions of rape in the first degree, $8^1/_3$ to 25 years imprisonment for each of his convictions of sodomy in the first degree, $12^1/_2$ to 25 years imprisonment for his conviction of robbery in the first degree, and $8^1/_3$ to 25 years imprisonment for his conviction of burglary in the first degree, all sentences to run consecutively except for the sentence imposed for his conviction of burglary in the first degree which is to run concurrently with the remaining sentences. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to the police and identification testimony.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment for robbery in the first degree from $12^1/_2$ to 25 years imprisonment to $8^1/_3$ to 25 years imprisonment; as so modified, the judgment is affirmed.

The descriptions given to the police officers involved in the defendant's detention and subsequent arrest, coupled with his spacial and temporal proximity to the crime, his appearance, which matched the descriptions, and his conduct upon being approached by the police constitute sufficient facts to justify the police conduct *(see, People v Alford,* 198 AD2d 364; *People v Johnson,* 174 AD2d 694; *People v Cumberbatch,* 171 AD2d 671).

The defendant's contention that the trial court unduly interfered with the questioning of witnesses at trial and thereby deprived him of a fair trial is not preserved for appellate review *(see, People v Yut Wai Tom,* 53 NY2d 44). In any

event, on this record it does not appear that the court's conduct prevented the jury from arriving at an impartial verdict on the merits *(see, People v Vale,* 198 AD2d 246).

The sentence imposed for the defendant's conviction of robbery in the first degree is illegal and, therefore, must be modified to the extent indicated *(see,* Penal Law § 160.15 [3]; § 70.02 [4]; CPL 1.20 [41]; *People v Vega,* 198 AD2d 461).

The defendant's remaining contentions are without merit. Bracken, J. P., Sullivan, Rosenblatt and Hart, JJ., concur.