■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN MACK, Appellant. [637 NYS2d 737] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R. Goldberg, J.), rendered November 29, 1993, convicting him of robbery in the first degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the People failed to meet their burden of proving that the police acted properly when they arrested the defendant *(see, People v Mack,* 224 AD2d 448 [decided herewith]). The testimony adduced at the suppression hearing demonstrates that the police officers who responded to the scene of the crime had received a radio report that gunshots had been fired there. At the scene of the crime, the complainants confirmed that they had been robbed at gunpoint of jewelry, money, and an automobile. They gave the police a detailed description of the stolen automobile, including that it had Pennsylvania license plates and a partial license plate number. Other police officers observed the stolen automobile, followed it until it stopped and broadcast over the radio a description of the defendant, who fled. Within minutes, the complainants were brought to the location of the stopped automobile and the defendant was apprehended and identified by the complainants. In view of the foregoing, the defendant's arrest was proper *(see, People v Thompson,* 215 AD2d 604; *People v Butler,* 175 AD2d 252; *People v Cumberbatch,* 171 AD2d 671, 672; *People v Lacen,* 154 AD2d 398; *People v Jenkins,* 133 AD2d 348). Furthermore, one of the arresting officers observed the defendant discard a gun during his flight, which provided additional probable cause to arrest him *(see, People v Cox,* 210 AD2d 497).

The defendant contends that the People failed to sustain

their burden of proving that there had been probable cause to arrest him simply because they failed to produce as witnesses at the suppression hearing the police officers who had detained him. This issue is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, the testimony of the arresting police officer demonstrates that the identification and physical evidence were not procured through tainted police procedures, and there is no evidence that the police officers who detained the defendant possessed material evidence about whether the challenged evidence had been lawfully obtained *(see, People v Witherspoon,* 66 NY2d 973, 974; *People v Chappell,* 201 AD2d 492; *People v Hucks,* 175 AD2d 213).

The trial court properly exercised its discretion when it denied the defendant's motion to reopen the suppression hearing based upon the testimony adduced at the trial *(see,* CPL 710.40 [4]). While there were some differences between the hearing testimony of the arresting officer and the trial testimony of a complainant with respect to the manner in which the identification occurred, these minor discrepancies did not deprive the defendant of any substantial rights *(see, People v Corso,* 135 AD2d 551, 553).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.