■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROSA, Appellant. [— NYS2d —] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered April 1, 1994, convicting him of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and the defendant's statement to police.

Ordered that the judgment is affirmed.

The evidence presented at the suppression hearing clearly demonstrated that the police had probable cause to arrest the defendant (see, CPL 140.10 [1] [b]; People v Johnson, 174 AD2d 694). By an initial radio transmission from a fellow officer who had witnessed the crime, the arresting officer was provided with the defendant's general description. In a second transmission, the search for the suspect was narrowed to a backyard near the crime scene where an individual matching the suspect's description was seen fleeing. Upon searching that backyard, the arresting officer found the defendant hiding under a sheet of plywood and the officer noted that the defendant matched the description of the perpetrator. The description of the defendant, when coupled with his location near the crime scene and his attempt to conceal himself under a sheet of plywood, led the arresting officer to reasonably conclude that the defendant perpetrated the crimes observed by his fellow officer (see, People v Johnson, supra).

Contrary to the defendant's contention, the showup identification conducted subsequent to his arrest was not so unnecessarily suggestive as to create a substantial likelihood of misidentification (see, People v Duuvon, 77 NY2d 541). The identification by the complainant was conducted within 25 minutes of the commission of the crime and close to the place where it occurred. The fact that the defendant was handcuffed did not render the viewing unduly suggestive (see, People v Duuvon, supra; People v Doherty, 198 AD2d 296, 297). There is no merit to the defendant's contention that the People failed to satisfy their initial burden of coming forward to show a lack of undue suggestiveness in the showup procedure when the People failed to call an unidentified officer who was in the police van with the complainant at the time the identification was made. The prosecution "provided a complete account of the physical circumstances under which the identification procedure was conducted, thereby supplying the court with the factual detail necessary to assess whether the procedure was

unduly suggestive in light of those circumstances" (*People v Mitchell,* 185 AD2d 249, 250-251; *People v Mack,* 224 AD2d 447).

Finally, the trial court did not improvidently exercise its discretion when it refused to reopen the *Wade* hearing during trial. The minor inconsistencies between Officer Cook's hearing testimony and the complainant's trial testimony, and the inconsistencies in the complainant's trial testimony regarding what he heard over the police radio prior to the showup identification, did not constitute "additional pertinent facts" as to warrant such a reopening (CPL 710.40 [4]; *see also, People v Clark,* 88 NY2d 552; *People v Mack, supra; People v Stafford,* 215 AD2d 212; *People v Jenkins,* 205 AD2d 642). Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.