■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD FRYAR, Appellant. [647 NYS2d 826] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered March 15, 1995, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant broke into a parked vehicle and stole various items from it. His apprehension was brought about by Officer Melvyn Clauson, who responded to a civilian's tip that there was a black man breaking into vehicles in the subject parking lot. Upon Clauson's arrival, he observed an automobile with its interior light illuminated and driver's side window broken. As Clauson drew near he noticed glass lying on the driver's seat and on the ground outside the vehicle. In addition, the interior of the vehicle appeared to have been rummaged through.

As Officer Clauson was calling this information into headquarters on his radio, he observed the defendant, a black male, crouched down at the rear of the car that was parked next to the vandalized vehicle. Officer Clauson observed the defendant move toward the front of the car while in a hunched position, as if he were "duck-walking". The defendant then stood up and Officer Clauson observed that he was clutching a pink plastic bag close to his stomach, as if he were carrying a football. The defendant looked Officer Clauson in the eye and Officer Clauson stated "Stop, police. I would like to talk to [you]". At that point, the defendant fled on foot.

Officer Clauson gave chase and ultimately caught up to the defendant on the rooftop of a nearby parking garage. At that time the defendant, who was still holding the aforementioned pink bag, stated: "This isn't my bag. This belongs to someone. Handed me the bag. Didn't you catch the other guy?" Officer Clauson immediately placed the defendant under arrest.

Given all of the information possessed by Officer Clauson at the time of the arrest, he had probable cause to believe that a criminal offense had been committed by the defendant (see generally, People v King, 184 AD2d 660; People v Saylor, 113 AD2d 904).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.