◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TORRES, Appellant. [653 NYS2d 611] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhardt, J.), rendered March 27, 1995, convicting him of burglary in the third degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dabiri, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly found that there was probable cause for the defendant's arrest (*see, People v Carrasquillo*, 54 NY2d 248, 254). Under the circumstances, it was sufficient that the defendant matched the general description given by the eyewitness who reported to 911 that a burglary of a convenience store was in progress, and was observed in the immediate vicinity of the crime engaging in furtive behavior, dropping a bag from which cigarettes and candy spilled out, then running away and hiding under a parked car (*see, People v Rosa*, 231 AD2d 534; *People v Scott*, 197 AD2d 550; *People v Johnson*, 174 AD2d 694, 695).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's contention that the jury pool did not represent a fair cross section of the community, which argument is being raised for the first time on appeal, is unpreserved for appellate review and, in any event, without merit.

The court did not err in denying the defendant's request for waiver of the mandatory surcharge, since that application, made at the sentencing hearing, was premature (*see, People v Whitmore*, 177 AD2d 525).

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.