■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANI GASHI, Appellant. [727 NYS2d 636] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered September 30, 1999, convicting him of criminal possession of stolen property in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to sustain his conviction is not preserved for appel-

late review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

While we agree with the defendant's claim that the hearing court erred in denying that branch of his omnibus motion which was to suppress the testimony of a police officer with respect to a stationhouse identification, after finding that it was unduly suggestive (*see, People v Riley,* 70 NY2d 523), the error was harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 241-242). Further, despite the hearing court's error, it nevertheless properly determined that probable cause existed to arrest the defendant, and that the police officer who made the stationhouse identification had an independent source for his in-court identification at trial (*see, People v Cotto,* 268 AD2d 441; *People v Rosa,* 231 AD2d 534).

The defendant's contention that the sentencing court improperly adjudicated him a predicate felon is without merit (*see, People v Harris,* 61 NY2d 9). Moreover, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is partially unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.