OPINION OF THE COURT
Patricia DiMango, J.
*413 The defendant, pro se, has moved this court for an order granting him what he calls a “Violent Felony Override,” and directing that the Department of Correctional Services treat him accordingly. Specifically, the defendant is requesting a document which would contain a statement that, despite the fact that his plea of guilty to attempted robbery in the second degree is classified by statute as a violent felony offense, the particular subdivision to which his plea was entered did not involve the “use or threatened use of a deadly weapon or a dangerous instrument” or “the infliction of a serious physical injury”; hence, a violent felony override. The People take no position regarding the defendant’s request for such relief.
In deciding this motion, the court has considered the motion papers, the People’s answering papers, and the court file.
Background
On October 23, 2006, the defendant pleaded guilty to the crime of attempted robbery in the second degree pursuant to Penal Law §§ 110.00 and 160.10 (1), upon the promise of a sentence of incarceration of five years and five years’ post-release supervision. Specifically, the defendant admitted that on or about July 19, 2006 in Brooklyn, Kings County he, while aided by another person actually present, did attempt to forcibly steal certain property: to wit, a bicycle. The indictment had further charged other offenses related to this incident,* but this plea was in full satisfaction of the indictment. The defendant was subsequently adjudicated a second violent felony offender and sentenced to the promised terms.
The defendant has brought the instant application to obtain a “Violent Felony Override,” presumably because he now wishes to attend some sort of temporary release program or gain some other beneficial treatment from the Department of Correctional Services. Responding to the defendant’s motion papers, the People state only that there is no such document as a “Violent Felony Override” and take no other position. Rather, the People have interpreted the defendant’s application to be a request for a document issued pursuant to 7 NYCRR 1900.4 (c), directed *414 solely to the court, and, accordingly, have not addressed the merits of this application.
Prior to discussing the relief requested, this court would make several threshold comments as follows.
Firstly, the court regrets that the defendant was apparently misinformed as to the existence of such a thing as a “Violent Felony Override” and erroneously directed to pursue it. Nevertheless, the court agrees that the defendant’s request can be interpreted as seeking the issuance of a document referenced in 7 NYCRR 1900.4 (c) (1) (iii). The court does not, however, necessarily concur in the People’s assessment of the defendant’s application as being directed solely to the court and excluding the People from its ambit when the applicable rules specifically permit either the court or the People to issue the document in question (see 7 NYCRR 1900.4 [c] [1] [iii]).
With regard to an application to the Department of Correctional Services for consideration for any temporary release programs, an inmate whose present commitment is the result of a conviction for an offense characterized as a violent felony offense in accordance with 7 NYCRR 1900.4 (c) (1) (ii), or for an attempt to commit any offense listed in paragraph (1) of subdivision (c) (see 7 NYCRR 1900.4 [c] [3]), must establish that, despite the crime being labeled as violent, its commission did not involve (1) “either being armed with, the use of, the threatened use of, or the possession with the intent to use unlawfully against another of, a deadly weapon or a dangerous instrument” or (2) “the infliction of serious physical injury” (see 7 NYCRR 1900.4 [c] [1] [ii]).
The offense to which Mr. Cumberbatch ultimately pleaded guilty and for which he is currently committed, attempted robbery in the second degree, is one of such enumerated crimes. Thus, in order to even be considered for a temporary release program, the defendant must first provide the Temporary Release Committee chairperson with a document establishing that, notwithstanding that his present commitment is for an offense deemed a violent felony, it did not involve either the “use or threatened use of a deadly weapon or a dangerous instrument” or the “infliction of a serious physical injury,” which document may be generated either by the court or by the Office of the District Attorney (see 7 NYCRR 1900.4 [c] [1] [iii]). This court reasonably construes the instant application by the defendant to be a request for such a document.
Upon a review of the defendant’s current conviction for attempted robbery in the second degree pursuant to Penal Law *415 §§ 110.00 and 160.10 (1), the aggravating element in subdivision (1), “aided by another person actually present,” does not encompass any of the aforementioned elements for disqualification from eligibility.
The court opines that the instant order, while determining the defendant’s pending application, should also suffice to serve as such a “court-generated document” as contemplated under 7 NYCRR 1900.4 (c) (1) (iii), and the court intends that it be treated as such.
In issuing this document and rendering its decision herein, the court hastens to note that it takes no position as to this defendant’s ultimate eligibility for any temporary release program since the applicable rules and regulations contain other provisions not addressed in the defendant’s papers which might otherwise disqualify him from obtaining the relief he seeks.
The defendant’s application is, accordingly, granted in part, and denied to the extent the defendant has requested the issuance of a document entitled a “Violent Felony Override.”

 The defendant and codefendant were charged under the instant indictment with acting in concert in the commission of robbery in the first, second, and third degrees, grand and petit larceny, attempted assault, criminal possession of stolen property, and criminal possession of a weapon in the fourth degree (where the subject “dangerous instrument” was identified as a “wrench,” which, according to the felony complaint, had been wielded by the codefendant).