■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE LYNCH, Appellant. [993 NYS2d 163]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered June 26, 2012, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by amending the sentence to specify that the defendant was convicted under Penal Law § 120.10 (1); as so modified, the judgment is

affirmed, and the matter is remitted to the Supreme Court, Westchester County for the issuance of an amended sentence and commitment.

On appeal, the defendant challenges the Supreme Court's denial, during the sentencing proceeding, of his request for a "violent felony override." "Violent felony override" is not a term contained in a statute or regulation. It is an imprecise and potentially confusing term that is sometimes used to describe a document referred to in 7 NYCRR 1900.4 (c) (1) (iii) that permits the Department of Corrections and Community Supervision (hereinafter DOCCS) to ascertain whether an inmate has met one of the threshold requirements to be eligible for a temporary release program despite conviction of a specified violent felony offense (see Correction Law § 851 [2]; Executive Order [Spitzer] No. 9 [9 NYCRR 6.9]; Executive Order [A. Cuomo] No. 2 [9 NYCRR 8.2]; 7 NYCRR 1900.4 [c] [1] [ii], [iii]; [2]). Certain subdivisions of the specified violent felony offenses will not disqualify an inmate from eligibility for temporary release. The document provided for in 7 NYCRR 1900.4 (c) (1) (iii) need only set forth the exact offense, including the section, and subdivision if any, of the crimes of which the inmate was convicted. When the document indicates that the inmate was convicted of a subdivision of one of the enumerated violent felony offenses that does not automatically disqualify the inmate from eligibility for temporary release, the inmate may use it to establish that he has met one of the threshold requirements for eligibility (see People v Cumberbatch, 24 Misc 3d 412, 414-415 [Sup Ct, Kings County 2009]). One source of confusion that may arise from the use of the term "violent felony override" is that the term may imply that the document itself qualifies the inmate for eligibility for temporary release. It does not. It is for DOCCS, and not the court or the district attorney, to determine whether conviction under a particular section and subdivision disqualifies an inmate from eligibility (see generally 7 NYCRR 1900.4).

A second source of confusion that may arise from the use of the term "violent felony override" to describe the document specified in 7 NYCRR 1900.4 (c) (1) (iii) is the erroneous belief that the issuance of the document is discretionary. Although this provision refers to "a court-generated document or document generated by the Office of the District Attorney," a defendant is entitled to have the exact subdivision of the statutory provisions under which he or she was convicted specified in the sentence and commitment: "[a] sentence and commitment or certificate of conviction, *specifying the section, and to the extent*

*applicable, the subdivision, paragraph and subparagraph of the penal law or other statute under which the defendant was convicted,* or a certified copy thereof . . . must be delivered to the person in charge of the correctional facility or office of children and family services facility to which the defendant is committed at the time the defendant is delivered thereto" (CPL 380.65 [emphasis added]). In this case, the defendant was charged with, and pleaded guilty to, assault in the first degree under Penal Law § 120.10 (1). The sentence and commitment states that he was convicted under "Penal Law 120.10 (00) [sic]", and does not specify the subdivision. Accordingly, we modify the judgment by amending the sentence to specify the subdivision under which the defendant was convicted, and we remit the matter to the Supreme Court, Westchester County for the issuance of an amended sentence and commitment.

The defendant's remaining contention relates to an adjudication in a different case that he violated a condition of his probation in that case. Because the defendant did not file a notice of appeal in that case, this contention is not properly before this Court (*see People v Hacker*, 150 AD2d 722, 723 [1989]). Balkin, J.P., Roman, Sgroi and Miller, JJ., concur.