■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WATSON III, Appellant. [2 NYS3d 376]—

Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Cohen, J.), imposed September 28, 2011.

Ordered that the sentence is affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]) and, thus, does not preclude review of his claim that his sentence was excessive. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

There is no relief that this Court can afford the defendant in connection with his request for a so-called "violent felony override" (*see People v Lynch*, 121 AD3d 717 [2014]). While the defendant's conviction of vehicular manslaughter in the first degree (Penal Law § 125.13) appears to render him ineligible for the temporary release program at issue (*see* 7 NYCRR 1900.4 [c] [2] [ii]), "[i]t is for [the Department of Corrections and Community Supervision], and not the court or the district attorney, to determine whether conviction under a particular section and subdivision disqualifies an inmate from eligibility" (*People v Lynch*, 121 AD3d at 718; *see generally* 7 NYCRR 1900.4). Eng, P.J., Balkin, Dickerson, Chambers and Hinds-Radix, JJ., concur.