■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BALLATO, Appellant. [9 NYS3d 152]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Iliou, J.), rendered May 1, 2013, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

In February 2010, the defendant pleaded guilty to burglary in the second degree in exchange for a sentence directing him to a judicial diversion program. After the defendant violated his contract for the judicial diversion program, he withdrew his original plea of guilty and entered into a new plea bargain. Under the new agreement, the defendant pleaded guilty to attempted burglary in the second degree in exchange for a promised sentence of three years of imprisonment followed by five years of postrelease supervision. As part of the agreement, the County Court also promised that it would sign a document known colloquially as a "violent felony override," which, according to the court, would make the defendant eligible for certain programs in prison. Immediately after the defendant pleaded guilty pursuant to the new agreement, the court imposed the bargained-for sentence, and stated to the defendant that the violent felony override would "open up a world of programs to you in the correctional facility."

On appeal, the defendant contends that his plea bargain was invalid because the County Court promised to issue a "violent felony override" in exchange for his plea of guilty, but the purported violent felony override did not actually make the defendant eligible for any programs in prison.

As explained by this Court in *People v Lynch* (121 AD3d 717, 718 [2014]), a "violent felony override" is "an imprecise and potentially confusing term that is sometimes used to describe a document referred to in 7 NYCRR 1900.4 (c) (1) (iii) that permits the Department of Corrections and Community Supervision (hereinafter DOCCS) to ascertain whether an

inmate has met one of the threshold requirements to be eligible for a temporary release program despite conviction of a specified violent felony offense" (*id.*; *see* Correction Law § 851 [2]; Executive Order [Spitzer] No. 9 [9 NYCRR 6.9]; Executive Order [A. Cuomo] No. 2 [9 NYCRR 8.2]; 7 NYCRR 1900.4 [c] [1] [ii], [iii]; [2]). "Certain subdivisions of the specified violent felony offenses will not disqualify an inmate from eligibility for temporary release. The document provided for in 7 NYCRR 1900.4 (c) (1) (iii) need only set forth the exact offense, including the section, and subdivision if any, of the crimes of which the inmate was convicted. When the document indicates that the inmate was convicted of a subdivision of one of the enumerated violent felony offenses that does not automatically disqualify the inmate from eligibility for temporary release, the inmate may use it to establish that he has met one of the threshold requirements for eligibility" (*People v Lynch*, 121 AD3d at 718). The document itself does not qualify an inmate for eligibility for temporary release (*see id.*) "It is for DOCCS, and not the court or the district attorney, to determine whether conviction under a particular section and subdivision disqualifies an inmate from eligibility" (*id.*; *see generally* 7 NYCRR 1900.4). The issuance of the document specified in 7 NYCRR 1900.4 (c) (1) (iii) is not discretionary, and a defendant is entitled to have the exact statutory provisions under which he or she was convicted specified in the sentence and commitment (*see People v Lynch*, 121 AD3d at 718).

As part of the plea agreement, the County Court promised the defendant that it would sign a "violent felony override," which would make the defendant eligible for several programs in prison. Since the document specified in 7 NYCRR 1900.4 (c) (1) (iii) does not, by itself, qualify an inmate for eligibility for temporary release, and eligibility for temporary release programs are determined by DOCCS, the court exceeded its authority by promising the defendant something that it had no authority to promise in exchange for the defendant's plea of guilty. Under these circumstances, the defendant's plea of guilty was not knowing, voluntary, and intelligent (*see People v Fuertes*, 105 AD3d 974 [2013]). Moreover, contrary to the People's contention, the defendant's claim is not subject to the preservation requirement, since he could not be expected to object to the County Court's promise under the circumstances (*cf. People v Turner*, 24 NY3d 254 [2014]; *People v Molinaro*, 126 AD3d 726 [2015]).

Accordingly, the judgment is reversed, the plea vacated, and the matter remitted to the County Court, Suffolk County, for further proceedings on the indictment.

The defendant's remaining contention is academic in light of our determination. Hall, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.