THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KREEM JACKSON, Also Known as GHOST, Appellant. [26 NYS3d 196]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered June 6, 2013, convicting him of conspiracy in the fourth degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the second degree (two counts), criminal purchase of a weapon, bribing a witness, intimidating a victim or witness in the third degree, reckless endangerment in the first degree, and promoting prostitution in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by amending the sentence to specify that the defendant's conviction of criminal possession of a weapon in the second degree under count 30 of the indictment was under Penal Law § 265.03 (3); as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for the issuance of an amended sentence and commitment.

The defendant and 12 codefendants were indicted on multiple charges. The charges against the defendant included, in counts 25 and 30, criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 (3). The defendant pleaded guilty to all counts against him in the indictment, and during

the plea proceeding, his counsel requested that the County Court issue to the defendant a "violent felony override" as to both counts 25 and 30 of the indictment. The court stated that it would consider the request. At sentencing, the court granted the request only as to count 25, and denied the request as to count 30, after which the defendant immediately asked to withdraw his plea of guilty because the court was not granting his request on both counts. The court summarily denied the request, and then imposed the promised sentence.

On appeal, the defendant challenges the County Court's denial of his request, with respect to count 30 of the indictment, for a document of the type described in 7 NYCRR 1900.4 (c) (1) (iii), which is sometimes referred to colloquially as a "violent felony override" (*see People v Lynch*, 121 AD3d 717, 718 [2014]). As we explained in *Lynch*, there is no need for a document of the type described in 7 NYCRR 1900.4 (c) (1) (iii) where the sentence and commitment complies with the requirement of CPL 380.65 to set forth the specific section and subdivision for each offense of which the defendant has been convicted (*see People v Lynch*, 121 AD3d at 718-719; *see also People v Ellis*, 123 AD3d 1054 [2014]; *People v Nelson*, 121 AD3d 719 [2014]). "It is for DOCCS, and not the court or the district attorney, to determine whether conviction under a particular section and subdivision disqualifies an inmate from eligibility" for a temporary release program (*People v Lynch*, 121 AD3d at 718; *see People v Ballato*, 128 AD3d 846 [2015]; *People v Watson*, 126 AD3d 731 [2015]; *see generally* 7 NYCRR 1900.4).

In this case, count 30 of the indictment charged the defendant with criminal possession of a weapon in the second degree in violation of Penal Law § 265.03 (3), and the defendant pleaded guilty to that count (among others). The sentence and commitment, however, inexplicably states, with respect to count 30, that the defendant was convicted under Penal Law § "265.03 (1B) [sic]," which is not the subdivision under which the defendant was convicted. Under the circumstances here, the correct course of action for the County Court would have been to simply ensure that the sentence and commitment set forth accurate information with respect to count 30, which would obviate the need for a document of the type described in 7 NYCRR 1900.4 (c) (1) (iii) (*see People v Ellis*, 123 AD3d 1054 [2014]; *People v Nelson*, 121 AD3d 719 [2014]). Therefore, we deem it appropriate to modify the judgment by amending the sentence to specify that the defendant was convicted, with respect to count 30, under Penal Law § 265.03 (3), and remit

the matter to the County Court, Suffolk County, for the issuance of an amended sentence and commitment (*see People v Lynch*, 121 AD3d at 719).

The defendant's remaining contentions, including those in his pro se supplemental brief, are without merit. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.