People v Moziy (2018 NY Slip Op 08328)





People v Moziy


2018 NY Slip Op 08328


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-01632
 (Ind. No. 141/16)

[*1]The People of the State of New York, respondent,
v
Matthew Moziy, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Sarah S. Rabinowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William C. Donnino, J.), rendered January 20, 2017, convicting him of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Terence P. Murphy, J.), of the suppression of physical evidence and the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his arrest was supported by probable cause, and, therefore, suppression of physical evidence and his statements to law enforcement officials was not warranted. "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed" by the suspected individual (People v Bigelow, 66 NY2d 417, 423). Here, upon receiving information regarding a call to the 911 emergency number by the complainant reporting that she had heard noises inside her home, the arresting officers came upon the defendant exiting from the rear door of the complainant's home, wearing black gloves and holding a screwdriver and a safe. This evidence supported a reasonable belief that the defendant had committed the crime of burglary (cf. People v Torres, 236 AD2d 431).
Further, we agree with the Supreme Court's determination to deny suppression of statements made by the defendant prior to his arrest and on the telephone at the police precinct, as the statements were spontaneous and were not triggered by any police conduct which reasonably could have been expected to elicit a statement from him (see People v Odom, 164 AD3d 1475; People v Giddens, 161 AD3d 1191, 1193; People v Eldridge, 213 AD2d 667, 667-668; People v Daniels, 159 AD2d 630, 631; see also People v Cooper, 38 AD3d 678, 680).
The Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) avoided any undue prejudice to the defendant and represented a provident exercise of the court's discretion (see People v Lombardo, 151 AD3d 887; People v Ragland, 136 AD3d 845).
Viewing the evidence in the light most favorable to the People (see People v Contes, [*2]60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and criminal mischief in the fourth degree beyond a reasonable doubt (see People v Bleakley, 69 NY2d 490, 495). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
The defendant's challenge to the Supreme Court's response to a jury note and to an oral inquiry by the jury foreperson is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant contends that the Supreme Court erred in denying his request, pursuant to 7 NYCRR former 1900.4(c)(1)(iii), now 7 NYCRR 1900.4(c)(1)(iv), for a document specifying the section and subdivision of the Penal Law under which he was convicted. However, the defendant's sentence and commitment sheet specifies the section and subdivision of the Penal Law under which he was convicted, as required by CPL 380.65, so his sentence and commitment sheet fulfills the requirements of 7 NYCRR former 1900.4(c)(1)(iii), now 7 NYCRR 1900.4(c)(1)(iv) (see People v Molinaro, 140 AD3d 1192; People v Lynch, 121 AD3d 717, 718-719). There was, therefore, no need to provide the defendant with a separate document of the type described in 7 NYCRR former 1900.4(c)(1)(iii), now 7 NYCRR 1900.4(c)(1)(iv) (see People v Molinaro, 140 AD3d 1192; People v Jackson, 136 AD3d 1056, 1057; People v Lynch, 121 AD3d at 719).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court