People v Gainey (2021 NY Slip Op 03715)





People v Gainey


2021 NY Slip Op 03715


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


492 KA 20-00390

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL GAINEY, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (ERICH D. GROME OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered September 10, 2019. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Contrary to defendant's contention, County Court did not err in declining to grant him a "violent felony override." In fact, the court had no authority to do so (see People v Jackson, 136 AD3d 1056, 1057 [2d Dept 2016], lv denied 27 NY3d 1070 [2016]; People v Burnice, 129 AD3d 1498, 1499 [4th Dept 2015], lv denied 27 NY3d 993 [2016]; People v Lynch, 121 AD3d 717, 718-719 [2d Dept 2014], lv denied 24 NY3d 1086 [2014]). Moreover, to the extent that defendant sought a "court-generated document" to establish that his crime "did not involve: being armed with, the use of or threatened use of, or the possession with the intent to use unlawfully against another of, a deadly weapon or dangerous instrument or the infliction of a serious physical injury" (7 NYCRR 1900.4 [c] [1] [iv]), we note that the prosecutor recited those facts during the sentencing proceeding, and that the court was obligated to send "a certified copy of the stenographic minutes of the sentencing proceeding . . . to the person in charge of the institution to which . . . defendant [was] delivered within thirty days from the date such sentence was imposed" (CPL 380.70; see generally 7 NYCRR 1900.2, 1900.4).
In light of defendant's prior criminal history, which includes numerous convictions and several violations of probation spanning more than a decade, we conclude that the agreed-upon sentence is neither unduly harsh nor severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court