■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND MITCHELL, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Appelman, J.), dated September 26, 1991, which granted that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony.

Ordered that the order is reversed, on the law, and that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony is denied.

Contrary to the defendant's contentions, the People discharged their initial burden of coming forward with evidence establishing the reasonableness of the police-arranged identification procedure and the lack of any undue suggestiveness *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833; *People v Love,* 57 NY2d 1023). Police Officer James Schuerlein, while on foot patrol, obtained a description of an individual who had just committed a robbery in the area and, upon observing an individual matching that description, chased him. Although the suspect managed to escape by jumping over a fence, Officer Schuerlein was able to radio a description of the suspect to his fellow officers who were in the area. As Officer Schuerlein rounded the block to where the defendant had been running just before he escaped, he ob-

served that the defendant was already in police custody. At approximately the same time, Officer Schuerlein noticed the complainant, who was sitting in a nearby police car with other officers, point to the defendant and state "that's him". The identification was made almost immediately after the defendant had been apprehended. Moreover, Officer Schuerlein estimated that only five minutes had elapsed between his receipt of the description and his subsequent observation of the defendant in police custody. Thereafter, when the defendant was taken to the precinct, he was inadvertently led past the complainant, who was also present at the precinct and who again identified the defendant as the perpetrator.

The hearing court granted that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony, concluding, *inter alia,* that the People had failed to sustain their burden of establishing that the initial identification procedure was reasonable, since they did not produce at the hearing the officers who were seated in the car with the complainant when the identification was made. We reverse.

It is well settled that " 'one-on-one confrontations which occur in close spatial and temporal proximity to the crime are indicative of good police work aimed at apprehending the perpetrator and releasing innocent suspects as soon as possible, as the witness's memory is most fresh at that time' " *(People v Davis,* 134 AD2d 510, quoting from *People v Gilliard,* 116 AD2d 657, 658; *see also, People v Duuvon,* 77 NY2d 541, 544-545; *People v Riley,* 70 NY2d 523, 529; *People v Hicks,* 68 NY2d 234; *People v Love,* 57 NY2d 1023, *supra; People v Brnja,* 50 NY2d 366). Notably, while the People bear the burden of coming forward to show the lack of undue suggestiveness in a pretrial identification procedure *(People v Chipp, supra,* at 335), it "is the defendant who bears the ultimate burden of proving that [an identification] procedure was unduly suggestive" *(People v Chipp, supra,* at 335; *People v Rahming,* 26 NY2d 411, 417; *People v Sanchez,* 178 AD2d 567). The People have discharged their burden.

The defendant claims that the People failed to carry their initial burden, relying, *inter alia,* upon the speculative assertion that one of the officers who accompanied the complainant may have said or done something to undermine the reasonableness of the identification procedure. We disagree. Officer Schuerlein's testimony provided a complete account of the physical circumstances under which the identification procedure was conducted, thereby supplying the court with the

factual detail necessary to assess whether the procedure was unduly suggestive in light of those circumstances (cf., *People v Chipp, supra*). The evidence established that the prompt showup procedure which took place here was permissible. The defendant was apprehended only minutes after Officer Schuerlein initiated his pursuit, the complainant was immediately brought to the scene, and she promptly identified the defendant as the perpetrator (*People v Hicks, supra; People v Duuvon, supra*). Accordingly, the factual circumstances represented "one unbroken chain of events—crime, escape, pursuit, apprehension and identification"—all of which occurred in rapid sequence within a limited geographic area (*People v Duuvon, supra,* at 544-545). Having come forward in the first instance with evidence that the showup which occurred was within the "boundaries of governing legal principles" (*People v Duuvon, supra,* at 544), the burden shifted to the defendant to establish that the identification procedure was unreasonable and unduly suggestive (*People v Sanchez, supra*). The defendant failed to do so.

The inadvertent showup which took place subsequently at the precinct was not attributable to any misconduct on the part of the police or the prosecutor, and accordingly, does not warrant the suppression of the complainant's identification testimony (*see, People v Santiago,* 163 AD2d 539, 540; *People v Davis,* 134 AD2d 510, *supra; People v Hampton,* 129 AD2d 736; *People v Musial,* 120 AD2d 682). Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.