■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AIKEEM THOMPSON, Appellant. [627 NYS2d 697] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 23, 1993, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

On the evening of April 21, 1993, the arresting Officer Ward and his partner received a radio transmission that an armed robbery had been committed at 237th Street and 120th Avenue in Queens. The victims had described the getaway car as a red Cherokee jeep with silver trim on the bottom, and a spare tire with a red rim on the back tailgate. The perpetrators were described as two black males, one wearing a black leather jacket and the other wearing a dark shirt with the word "Canai" printed across the front. At 9:15 P.M., Officer Ward and his partner spotted a jeep matching that exact description at 117th Road and Springfield Boulevard. The passenger engaged in the furtive movement of leaning back and disappearing behind the dashboard. At that juncture, the officers were justified in approaching the vehicle with their guns drawn, and frisking the occupants (see, People v Torres, 74 NY2d 224, 226; People v Lindsay, 72 NY2d 843; People v Jordan, 178 AD2d 1009; People v Butler, 175 AD2d 252; People v Lacen, 154 AD2d 398; People v Torres, 145 AD2d 664). Once

the officers removed the defendant and his codefendant from the vehicle, they noted that the driver of the jeep was wearing a black leather jacket with brown trim, while the passenger was wearing a dark T-shirt with the word "Canai" written across it. The subsequent search of the passenger compartment of the automobile, which revealed the presence of two loaded handguns, was justified as a search incident to the occupants' lawful arrest *(see, People v Belton,* 55 NY2d 49; *see also, People v Torres,* 74 NY2d 224, 227, *supra).*

Thereafter, the complainants were brought to the scene of the arrest, and identified the defendant and his codefendant as the robbers. The showup, which occurred within one hour of the commission of the crime, was not unduly suggestive *(see, People v West,* 128 AD2d 570; *People v Greene,* 125 AD2d 697, *affd* 70 NY2d 860; *People v Huggler,* 50 AD2d 471; *see also, People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366; *People v Carney,* 212 AD2d 721).

The defendant's remaining contentions are without merit. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.