THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ROGERS, Appellant. [645 NYS2d 497]

We disagree with the defendant's contention that he was deprived of his right to testify before the Grand Jury. CPL 190.50 (5) (a) provides a defendant with the right to testify before the Grand Jury "if, prior to the filing of any indictment * * * in the matter, he serves upon the district attorney of the county a written notice making such request". At bar, although the defendant claims that he told his attorney of his desire to testify before the Grand Jury, we find no support in the record that either he or his attorney ever gave the required written notice to the District Attorney. Consequently, his motion to dismiss the indictment pursuant to CPL 190.50 was properly denied (see, People v Lawrence, 64 NY2d 200; People v Brooks, 184 AD2d 518; People v Morales, 163 AD2d 332; People v Harris, 150 AD2d 723).

We also find no support in the record for the defendant's claim of ineffective assistance of counsel predicated upon his allegation that counsel ignored his desire to testify before the Grand Jury (see, People v Brown, 28 NY2d 282, 286-287). Even

assuming the truth of his allegations, his counsel's failure to serve the notice of his desire to testify before the Grand Jury would not, standing alone, constitute ineffective assistance of counsel *(see, People v Ray,* 224 AD2d 722; *People v Sturgis,* 199 AD2d 549; *People v Turner,* 187 AD2d 469; *People v Bundy,* 186 AD2d 357).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.