■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RODNEY, Appellant. [655 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered April 3, 1995, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification was not improper. Showup identifications are permissible if the suspects are apprehended at or near the crime scene and can be viewed by a witness within close temporal proximity to the commission of the crime *(see, People v Johnson,* 81 NY2d 828, 831; *People v Duuvon,* 77 NY2d 541, 543). Here, the showup was conducted 40 minutes after the commission of the

crime and it occurred approximately seven blocks from the scene of the crime *(see, People v Wright,* 221 AD2d 577; *People v Thompson,* 215 AD2d 604; *People v Yearwood,* 197 AD2d 554; *People v Horn,* 197 AD2d 420; *People v West,* 128 AD2d 570). Moreover, the procedure was not suggestive.

The defendant's sentence was not illegal. Upon the defendant's convictions of robbery in the first degree under counts one and two of the indictment he was sentenced to indeterminate terms of 10 to 20 years imprisonment *(see,* Penal Law § 160.15 [2]). The court properly imposed a minimum of one-half the maximum term because the crime of robbery in the first degree, as defined in Penal Law § 160.15 (2), is an "armed felony" *(see,* CPL 1.20 [41]; *People v Jiminez,* 165 AD2d 692).

The defendant's remaining contentions are either unpreserved for appellate review *(see, People v Charleston,* 56 NY2d 886, 887-888; *People v Yut Wai Tom,* 53 NY2d 44, 54-56) or do not require reversal. Thompson, J. P., Pizzuto, Joy and Luciano, JJ., concur.