■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN DOTTIN, Appellant. [682 NYS2d 221] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 10, 1997, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the showup identification procedure, at which he was identified by one of the complainants, was reasonable and was not impermissibly suggestive as it was conducted in close temporal and spatial proximity to the crime (*see, People v Duuvon,* 77 NY2d 541; *People v Riley,* 70 NY2d 523; *People v Love,* 57 NY2d 1023; *People v Brnja,* 50 NY2d 366). The contention that the complainant may have been improperly influenced at the time of the identification is purely speculative (*see, People v Chipp,* 75 NY2d 327, *affd* 498 US 833; *People v Mitchell,* 185 AD2d 249).

Any error in the failure to preclude the identification testimony of another complainant because of the People's withdrawal of their notice pursuant to CPL 710.30 was harmless in light of other overwhelming evidence of the defendant's guilt (*see, People v Bradshaw,* 232 AD2d 499; *People v Bradshaw,* 223 AD2d 651; *People v Reed,* 154 AD2d 629), including the fact that the defendant was spotted by the police in the stolen Jeep minutes after and a few miles away from the incident, that he attempted to escape from the police both in the Jeep and later on foot, and that at the time he was apprehended he was in possession of a silver gun described by both complainants, and two clips of ammunition. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.