THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT LOO, Appellant. [789 NYS2d 247]—

Appeals by the defendant from two judgments of the County Court, Nassau County (LaPera, J.), both rendered March 27, 2003, convicting him of burglary in the second degree and possession of burglary tools under indictment No. 906/00, and burglary in the second degree under indictment No. 1963/00, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing (Honorof, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant was convicted, inter alia, of two burglaries which occurred in the pre-dawn hours in two houses located near each other. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdicts of guilt are not against the weight of the evidence (*see* CPL 470.15 [5]).

Contrary to the defendant's contention, the showup identification, which occurred within four blocks of a burglary of one of the complainant's homes, within an hour of that burglary, and within minutes of the defendant's arrest, was not unduly suggestive even though the defendant was handcuffed and in the presence of uniformed officers (*see People v Duuvon,* 77 NY2d 541, 545 [1991]; *People v Russo,* 271 AD2d 554 [2000]; *cf. People*

*v Ortiz,* 90 NY2d 533, 537 [1997]; *People v Riley,* 70 NY2d 523, 530 [1987]).

The sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]) or without merit. Prudenti, P.J., Crane, Skelos and Lifson, JJ., concur.