■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GILYARD, Appellant. [821 NYS2d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 2, 2003, convicting him of robbery in the first degree, attempted robbery in the first degree, and criminal possession of a weapon in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Showup procedures are permissible when they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon,* 77 NY2d 541, 544 [1991]; *People v Pierre,* 2 AD3d 461, 462 [2003]). Here, the showup, which was conducted shortly after the robbery occurred and within two blocks of the site of the crime, was not unduly suggestive, notwithstanding that the defendant was handcuffed and in the presence of two uniformed officers (*see People v Loo,* 14 AD3d 716 [2005]; *People v Pierre,* 2 AD3d 461, 462 [2003]).

The defendant failed to preserve for appellate review his contention that the police lacked reasonable suspicion to stop and detain him (*see People v Adams,* 57 NY2d 1035, 1037 [1982]; *People v Green,* 10 AD3d 664 [2004]). In any event, the contention is without merit since the police had reasonable suspicion to stop and detain him, based on, inter alia, a police officer's observation that the defendant matched the general description provided in a police dispatcher's radio broadcast, and that he was running from the direction of the reported site of the robbery at the moment the dispatch was broadcast (*see People v Gil,* 21 AD3d 1120, 1121 [2005]; *People v Green,* 10 AD3d 664 [2004]; *People v Rodgers,* 6 AD3d 464 [2004]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Adams,* 18 AD3d 567 [2005]). Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.