THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BERRY, Appellant. [856 NYS2d 228]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Blumenfeld, J.), rendered March 6, 2006, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification made by the complainant near the scene of the crime. While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive (*see People v Brisco,* 99 NY2d 596, 597 [2003]; *People v Ortiz,* 90 NY2d 533, 537 [1997]; *People v Duuvon,* 77 NY2d 541, 543 [1991]). Here, the showup took place less than one hour after the crime and approximately 20 blocks away from the crime scene (*see People v Loo,* 14 AD3d 716 [2005]; *People v Ponce de Leon,* 291 AD2d 415 [2002]; *People v Rodney,* 237 AD2d 541, 541-542 [1997]; *People v Thompson,* 215 AD2d 604, 605 [1995]). The People met their " 'initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure' " through the testimony of the police officer who received the report of the crime, located the defendant, and secured him during the showup (*People v Ortiz,* 90 NY2d at 537, quoting *People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see People v Mitchell,* 185 AD2d 249, 250 [1992]; *People v Sanchez,* 178 AD2d 567, 568 [1991]).

In turn, the defendant failed to satisfy "the ultimate burden of proving that [the] showup procedure [wa]s unduly suggestive and subject to suppression" (*People v Ortiz,* 90 NY2d at 537). The defendant's contention that the complainant may have been improperly influenced at the time of the identification is purely speculative (*see People v Dottin,* 255 AD2d 521 [1998]). Furthermore, the fact that the defendant was handcuffed and in the presence of police officers does not render the showup unduly suggestive (*see People v Jay,* 41 AD3d 615 [2007]; *People v Rice,* 39 AD3d 567, 568 [2007]; *People v Gilyard,* 32 AD3d 1046 [2006]; *People v Loo,* 14 AD3d 716 [2005]; *People v Pierre,* 2 AD3d 461, 462 [2003]; *People v Worthy,* 308 AD2d 555 [2003]). Nor does the fact that the defendant was standing in front of the getaway car require suppression of the identification evidence (*see People v Fox,* 11 AD3d 709 [2004]; *People v James,* 2

AD3d 751 [2003]; *People v Hawkins*, 188 AD2d 616, 617 [1992]; *People v Capehart*, 151 AD2d 592, 593 [1989]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.