■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN PINNOCK, Also Known as RICARDO BROWN, Appellant. [865 NYS2d 99]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Bellantoni, J.), rendered February 22, 2006, convicting him of attempted robbery in the first degree (two counts), attempted burglary in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the showup identification procedure, which was conducted in close geographic and temporal proximity to the incident, was reasonable under the circumstances and not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Duuvon*, 77 NY2d 541, 542-543 [1991]; *People v Berry*, 50 AD3d 1047 [2008]; *People v Crumble*, 43 AD3d 953 [2007]; *People v Jay*, 41 AD3d 615 [2007]; *People v Rice*, 39 AD3d 567, 568 [2007], *lv denied* 9 NY3d 868 [2007]; *People v Gilyard*, 32 AD3d 1046 [2006]; *People v Loo*, 14 AD3d 716, 716-717 [2005]). In addition, the hearing court properly denied that branch of the defendant's omnibus motion which was to sup-

press evidence that he intentionally broke a cellular phone that police officers handed him while he was in custody without having been given *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]). The defendant's act was not the result of any police compulsion and was not testimonial evidence (*see People v Berg*, 92 NY2d 701, 703-704 [1999]; *People v Thomas*, 46 NY2d 100, 107-110 [1978]; *cf. People v Havrish*, 8 NY3d 389, 392 [2007], *cert denied* 552 US —, 128 S Ct 207 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.