THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GONZALEZ, Appellant. [868 NYS2d 302]—

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification made by a witness to the assault near the scene of the crime. "While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive" (*People v Berry,* 50 AD3d 1047, 1048 [2008]; *see People v Brisco,* 99 NY2d 596, 597 [2003]; *People v Ortiz,* 90 NY2d 533, 537 [1997]; *People v Duuvon,* 77 NY2d 541, 543 [1991]). Here, there was evidence that the showup identification took place less than one hour after the crime and approximately three blocks away from the crime scene (*see People v Berry,* 50 AD3d 1047, 1048 [2008]; *People v Loo,* 14 AD3d 716 [2005]; *People v Ponce de Leon,* 291 AD2d 415 [2002]; *People v Rodney,* 237 AD2d 541 [1997]; *People v Thompson,* 215 AD2d 604, 605 [1995]). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification through the testimony of the officers who transported the witness to the location of the showup and those who located and secured the defendant during the showup (*see People v Ortiz,* 90 NY2d at 537; *People v Dottin,* 255 AD2d 521 [1998]; *People v Mitchell,* 185 AD2d 249, 250 [1992]).

The defendant failed to satisfy his burden of proving that the procedure was unduly suggestive (*see People v Ortiz,* 90 NY2d at 537). The fact that the defendant was handcuffed and standing in front of a police car while in the presence of uniformed officers does not render the showup unduly suggestive (*see People v Guy,* 47 AD3d 643, 643-644 [2008]; *People v Jay,* 41 AD3d 615 [2007]; *People v Gilyard,* 32 AD3d 1046 [2006]; *People v Loo,* 14 AD3d 716 [2005]; *People v Pierre,* 2 AD3d 461, 462 [2003]; *People v Grassia,* 195 AD2d 607 [1993]).

Defense counsel advanced arguments consistent with the evidence presented at trial, and the defendant was not denied the

effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Ludwig,* 155 AD2d 558 [1989]; *cf. People v Lee,* 129 AD2d 587, 588 [1987]). The court was not required to conduct a competency hearing pursuant to CPL article 730 (*see People v Tortorici,* 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Simpson,* 52 AD3d 846 [2008]; *People v Scivolette,* 40 AD3d 887, 888 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.