■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN HUDSON, Appellant. [900 NYS2d 66]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered May 25, 2007, convicting him of robbery in the first degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant improperly relies, in part, upon trial testimony to challenge the hearing court's determination denying suppression of the showup identification evidence. Trial testimony may not be considered in evaluating a suppression ruling on appeal (*see People v Abrew*, 95 NY2d 806, 809 [2000]; *People v Riley*, 70 NY2d 523, 532 [1987]; *People v Gonzalez*, 55 NY2d 720, 721-722 [1981], *cert denied* 456 US 1010 [1982]; *People v Rice*, 39 AD3d 567, 568 [2007]; *People v Crosby*, 33 AD3d 719, 720 [2006]; *People v Gold*, 249 AD2d 414, 415 [1998]). In any event, the defendant's contention is without merit. The showup took place within an hour of the commission of the crime, at the location where the "getaway car" was found, five miles from the scene of the crime, and in the context of a continuous, ongoing investigation (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *Brisco v Ercole*, 565 F3d 80 [2009]; *cf. People v Gonzalez*, 61 AD3d 775, 776 [2009]; *People v Rice*, 39 AD3d at 568; *People v Gilyard*, 32 AD3d 1046 [2006]; *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Loo*, 14 AD3d 716, 717 [2005]; *People v Pierre*, 2 AD3d 461, 462 [2003]). Accordingly, the showup was not unduly suggestive.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]). Covello, J.P., Miller, Chambers and Lott, JJ., concur.