*914 Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered November 17, 2010, convicting him of burglary in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years, followed by a term of five years of postrelease supervision. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification evidence.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 15 years, followed by a term of five years of postrelease supervision, to a determinate term of imprisonment of 10 years, followed by a term of five years of postrelease supervision; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) was properly denied, as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a Batson challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (see People v Childress, 81 NY2d 263, 268 [1993]; People v Scott, 70 AD3d 977, 977 [2010]; People v Fryar, 29 AD3d 919, 920 [2006]). In support of his Batson application, the defendant objected to the challenge of a prospective juror of Latin American origin, but contended only that no jurors of Latin American origin had been chosen for the jury and that the prosecutor had challenged all prospective jurors of Latin American origin. In the absence of a record demonstrating other *915 circumstances supporting a prima facie showing, the County Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (see People v Scott, 70 AD3d at 977; People v Fryar, 29 AD3d at 920-921). Since the defendant failed to establish a prima facie case of discrimination, the court did not err in failing to require the prosecutor to provide a race-neutral explanation for his challenges to prospective jurors of Latin American origin (see People v Childress, 81 NY2d at 268; People v Scott, 70 AD3d at 977; People v Fryar, 29 AD3d at 921).
Contrary to the defendant’s contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification made by a witness near the scene of the crime. “While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive” (People v Berry, 50 AD3d 1047, 1048 [2008]; see People v Brisco, 99 NY2d 596, 597 [2003]; People v Ortiz, 90 NY2d 533, 537 [1997]; People v Gonzalez, 57 AD3d 560, 561 [2008]). Here, there was evidence that the showup identification took place less than one hour after the crime and a few blocks away from the crime scene (see People v Gonzalez, 57 AD3d at 561; People v Berry, 50 AD3d at 1048; People v Loo, 14 AD3d 716, 716 [2005]; People v Ponce de Leon, 291 AD2d 415, 415 [2002]). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification through the testimony of the police officer who transported the witness to the location of the showup and the testimony of the officer who located the defendant and secured him during the showup (see People v Ortiz, 90 NY2d at 537; People v Gonzalez, 57 AD3d at 561). The burden shifted to the defendant to prove that the procedure was unduly suggestive (see People v Ortiz, 90 NY2d at 537; People v Gonzalez, 57 AD3d at 561), and the defendant failed to satisfy his burden in this regard. Under the circumstances of this case, the fact that the defendant was handcuffed while in the presence of one uniformed officer does not render the showup unduly suggestive (see People v Gonzalez, 57 AD3d at 561; People v Berry, 50 AD3d at 1048).
The County Court properly denied the defendant’s request to charge criminal trespass in the second degree as a lesser-included offense of burglary in the second degree because there is no reasonable view of the evidence that would support a finding that the defendant committed the trespass without also *916 committing burglary (see People v Faber, 64 AD3d 788, 789 [2009]; People v Moore, 60 AD3d 787, 787 [2009]; People v Mendez, 51 AD3d 948, 949 [2008]; People v Puryear, 155 AD2d 562, 563 [1989]).
The sentence imposed was excessive to the extent indicated herein.
The defendant’s contention, raised in his pro se supplemental brief, that he was deprived of his right to testify before the grand jury, pertains to matter dehors the record on appeal. The defendant’s contention, raised in point two of his pro se supplemental brief, relating to the presence of an interpreter, has been waived. The defendant’s remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.