■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNWOOD E. JOHNSON, Appellant. [960 NYS2d 206]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered April 14, 2011, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress identification testimony. " 'While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive' " (*People v Gonzalez*, 57 AD3d 560, 561 [2008], quoting *People v Berry*, 50 AD3d 1047, 1048 [2008]; *see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 544-545

[1991]). Here, the hearing testimony of two police officers involved in the challenged showup procedure demonstrated that it occurred approximately 10 minutes after the commission of the subject crime, and approximately one block from the scene of the crime. The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification (see People v Jacob, 94 AD3d 1142, 1144 [2012]; People v Gonzalez, 57 AD3d at 561; People v Berry, 50 AD3d at 1048). The burden then shifted to the defendant to prove that the procedure was unduly suggestive (see People v Ortiz, 90 NY2d at 537), and the defendant failed to satisfy this burden. Contrary to the defendant's contention, since there was no showing of suggestiveness, the People were not required to establish an independent source for the in-court identification (see People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]).

The defendant's contentions that the County Court erred in its pretrial Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]), and in denying his application, in effect, to suppress certain evidence on Molineux grounds (see People v Molineux, 168 NY 264 [1901]), are not properly before this Court, as the defendant forfeited review of these rulings by virtue of his plea of guilty (see People v Gerber, 182 AD2d 252, 260 [1992]; see also People v Perry, 60 AD3d 974, 974 [2009]; People v Condes, 23 AD3d 1149, 1150 [2005]; People v Flythe, 190 AD2d 748 [1993]). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.