■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CALERO, Appellant. [962 NYS2d 665]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered August 30, 2010, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing and upon reargument (Dwyer, J.), of the defendant's motion to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying his motion to suppress the showup identification of him made by the complainant near the scene of the crime. "While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, the burden is on the People first to produce evidence validating the admission of such evidence" (*People v Ortiz*, 90 NY2d 533, 537 [1997]). The People's burden consists of two elements. First, "the People must demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People's burden" (*id.* at 537). Second, the People must produce "some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive" (*id.*).

Here, the People presented evidence that the showup took place within close proximity to the crime scene and within minutes of the commission of the crime (*see People v Berry*, 50 AD3d 1047, 1048 [2008]; *People v Loo*, 14 AD3d 716, 716-717

[2005]; *People v Rodney*, 237 AD2d 541, 541-542 [1997]). The People also presented a detailed account of the physical circumstances of the showup founded on the testimony of police officers who witnessed the crime, located the defendant, and secured him prior to the showup (*see People v Ortiz*, 90 NY2d at 537; *People v Berry*, 50 AD3d at 1048; *People v Rosa*, 231 AD2d 534, 535-536 [1996]; *People v Mitchell*, 185 AD2d 249, 250 [1992]). Thus, the hearing court properly determined that the People satisfied their initial burden.

The hearing court also correctly determined that, in turn, the defendant failed to satisfy his burden of showing that the identification procedure was unduly suggestive and subject to suppression. "The defendant's contention that the complainant may have been improperly influenced at the time of the identification is purely speculative" (*People v Berry*, 50 AD3d at 1048; *see People v Dottin*, 255 AD2d 521, 521 [1998]; *People v Mitchell*, 185 AD2d at 250-251), and the fact that the defendant was handcuffed and in the back of a police vehicle does not render the showup unduly suggestive (*see People v Duuvon*, 77 NY2d 541, 543-545 [1991]; *People v Bitz*, 209 AD2d 709, 709-710 [1994]; *People v Doherty*, 198 AD2d 296, 296-297 [1993]; *People v Rowlett*, 193 AD2d 768, 768 [1993]; *People v Carbonaro*, 162 AD2d 459, 459 [1990]).

The defendant correctly contends that the Supreme Court improperly directed him to make the notes of his investigator, which consisted of a prior statement made by the complainant to the investigator, available to the People since the statement was made available prior to the presentation of the People's direct case and, in any event, was not "made by a person other than the defendant *whom the defendant intend[ed] to call as a witness at the trial*" (CPL 240.45 [2] [a] [emphasis added]; *see People v Colavito*, 87 NY2d 423, 427 [1996]). However, we conclude that the evidence of the defendant's guilt was overwhelming and there is no reasonable possibility that the error might have contributed to defendant's conviction. Therefore, the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Drayton*, 198 AD2d 770, 771 [1993]).

The defendant's contention that the Supreme Court unduly restricted his cross-examination of the People's expert by sustaining certain objections made by the prosecutor is not preserved for appellate review (*see* CPL 470.05 [2]; *People v George*, 67 NY2d 817 [1986]; *People v Sutherland*, 280 AD2d 622 [2001]) and, in any event, is without merit.

The defendant's remaining contentions are without merit. Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.