Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered October 21, 2010, convicting him of burglary in the second degree and petit larceny, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress certain identification evidence.
*965 Ordered that the judgment is affirmed.
The defendant’s contention, also raised in his pro se supplemental brief, that he was deprived of his right to testify before the grand jury, is without merit. Criminal Procedure Law § 190.50 (5) (a) provides a defendant with the right to testify before the grand jury “if, prior to the filing of any indictment ... in the matter, he serves upon the district attorney of the county a written notice making such request.” Notwithstanding the defendant’s claim that he told his attorney of his desire to testify before the grand jury, there is no evidence in the record that either he or his attorney served the required written notice on the District Attorney (see CPL 190.50 [5] [a]). Consequently, the defendant’s motion to dismiss the indictment on the ground that he was not accorded an opportunity to appear and testify before the grand jury was properly denied (see CPL 210.20 [1] [c]; 210.35 [4]; 190.50 [5] [a]; People v Griffith, 76 AD3d 1102 [2010]; People v Rogers, 228 AD2d 623 [1996]). Moreover, even if defense counsel failed to act on the defendant’s desire to testify before the grand jury, any failure on the part of counsel to so act would not, under the circumstances of this case, amount to the denial of the effective assistance of counsel (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Griffith, 76 AD3d at 1103; People v Maier, 77 AD3d 681 [2010]; People v Brooks, 258 AD2d 527 [1999]; People v Rogers, 228 AD2d at 623-624).
Contrary to the defendant’s contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identification made by a witness near the scene of the crime. “While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive” (People v Cuesta, 103 AD3d 913, 915 [2013] [internal quotation marks omitted]; People v Berry, 50 AD3d 1047, 1048 [2008]; see People v Russo, 271 AD2d 554, 555 [2000]; see generally People v Ortiz, 90 NY2d 533, 537 [1997]). Here, there was evidence that the showup identification took place approximately 10 to 15 minutes after the commission of the crime and across the street from the crime scene (see People v Cuesta, 103 AD3d at 915; People v Gonzalez, 57 AD3d 560, 561 [2008]; People v Berry, 50 AD3d at 1048; People v Loo, 14 AD3d 716, 716 [2005]). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification through the testimony of the detective who transported the witness to the location of the *966 showup and the testimony of the officer who located the defendant and secured him during the showup (see People v Ortiz, 90 NY2d at 537; People v Cuesta, 103 AD3d at 915; People v Gonzalez, 57 AD3d at 561). The burden shifted to the defendant to prove that the procedure was unduly suggestive (see People v Ortiz, 90 NY2d at 537; People v Cuesta, 103 AD3d at 915; People v Gonzalez, 57 AD3d at 561), and the defendant failed to satisfy his burden in this regard. Under the circumstances of this case, the fact that the defendant was handcuffed while in the presence of uniformed officers does not render the showup unduly suggestive (see People v Cuesta, 103 AD3d at 915; People v Hudson, 71 AD3d 1046 [2010]; People v Gonzalez, 57 AD3d at 561; People v Berry, 50 AD3d at 1048; People v Loo, 14 AD3d 716 [2005]; People v Tatum, 39 AD3d 571, 572 [2007]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of burglary in the second degree (see Penal Law § 140.25 [2]) and petit larceny (see Penal Law § 155.25) beyond a reasonable doubt (see People v Sayles, 57 AD3d 698 [2008]; People v Caraballo, 138 AD2d 725, 726 [1988]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).
The defendant’s remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Dillon, J.R, Angiolillo, Dickerson and Cohen, JJ., concur.