■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELDON J. ERVIN, Appellant. [987 NYS2d 454]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered April 30, 2012, convicting him of attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Donnino, J.), of the suppression of identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court

properly denied the suppression of the showup identifications made by two witnesses near the scene of the crime. Showup identifications are permissible, even in the absence of exigent circumstances, where they are conducted in close geographic and temporal proximity to the crime, and the procedure used was not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Sain*, 111 AD3d 964 [2013]; *People v Dunbar*, 104 AD3d 198, 217 [2013], *lv granted* 21 NY3d 942 [2013]; *People v Cuesta*, 103 AD3d 913, 915 [2013]). Here, the showup identifications took place approximately 25 minutes after the commission of the crime and within blocks of the crime scene (*see People v Sain*, 111 AD3d 964 [2013]; *People v Cuesta*, 103 AD3d at 915; *People v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047, 1048 [2008]). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identifications through the testimony of the officer who transported the witnesses to the showup, and provided a detailed account of the physical circumstances of the procedure (*see People v Charles*, 110 AD3d 1094 [2013]; *People v Calero*, 105 AD3d 864, 865 [2013]; *People v Cuesta*, 103 AD3d at 915; *People v Gonzalez*, 57 AD3d at 561). The burden thus shifted to the defendant to prove that the procedure was unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Gonzalez*, 57 AD3d at 561), which the defendant failed to establish. The fact that the witnesses were told prior to the showup that two individuals who matched their descriptions of the perpetrators had been detained did not render the procedure unduly suggestive (*see People v Morgan*, 302 AD2d 983, 984 [2003]).

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted robbery in the

second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor on summation is unpreserved for appellate review since he failed to object to the comments he now challenges (*see* CPL 470.05 [2]; *People v Jorgensen*, 113 AD3d 793 [2014]; *People v Beverly*, 112 AD3d 843 [2013]). In any event, the challenged remarks were proper because they were a fair response to comments made by defense counsel on summation, did not denigrate the defense, and were within the bounds of appropriate argument based on the evidence (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Izurieta*, 116 AD3d 881 [2014]; *People v Nelson*, 112 AD3d 744 [2013]). Further, defense counsel's failure to object to the subject comments did not constitute ineffective assistance of counsel (*see People v Fuhrtz*, 115 AD3d 760 [2014]; *People v McGowan*, 111 AD3d 850 [2013]; *People v Brown*, 106 AD3d 754 [2013]; *People v Friel*, 53 AD3d 667, 668 [2008]).

The defendant's contention that the Supreme Court failed to comply with the mandates of CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (*see People v Gilbert*, 114 AD3d 874 [2014]; *People v Sanabria*, 110 AD3d 1010 [2013]; *People v Winslow*, 100 AD3d 1031 [2012]). In any event, the defendant's contention is without merit, as the Supreme Court substantially complied with the requirements of CPL 400.21 (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Gilbert*, 114 AD3d 874 [2014]; *People v Sanabria*, 110 AD3d 1010 [2013]; *People v Winslow*, 100 AD3d 1031 [2012]). Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.