■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JERRY, Appellant. [4 NYS3d 317]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered April 17, 2013, convicting him of robbery in the first degree (eight counts), burglary in the first degree (five counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, burglary in the second degree, criminal possession of a weapon in the third degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant improperly relies, in part, upon trial testimony to challenge the hearing court's determination denying sup-

pression of showup identification evidence. Trial testimony may not be considered in evaluating a suppression ruling on appeal (*see People v Abrew*, 95 NY2d 806, 808 [2000]; *People v Hudson*, 71 AD3d 1046, 1047 [2010]).

The defendant's contention that suppression was improperly denied is without merit. The showup took place within 40 minutes of the commission of the crime in a yard adjacent to the crime scene. The People met their initial burden of establishing the reasonableness of the police conduct and the lack of any undue suggestiveness (*see People v Ortiz*, 90 NY2d 533, 537 [1997]) through the testimony of the police officers who transported the complainants to the showup and provided a detailed account of the physical circumstances of the procedure (*see People v Ervin*, 118 AD3d 910 [2014]; *People v Charles*, 110 AD3d 1094 [2013]; *People v Berry*, 50 AD3d 1047 [2008]). The defendant then failed to satisfy the ultimate burden of proving that the showup procedure was unduly suggestive and subject to suppression (*see People v Ortiz*, 90 NY2d at 537). Contrary to the defendant's contention, the showup was not rendered unduly suggestive because he was handcuffed and in the presence of uniformed police officers (*see People v Ward*, 116 AD3d 989 [2014]; *People v Charles*, 110 AD3d at 1096; *People v Samuels*, 39 AD3d 569 [2007]; *People v Rice*, 39 AD3d 567, 568 [2007]), or because the police officers used a spotlight (*see People v Siler*, 45 AD3d 1403 [2007]). Since the defendant failed to meet his burden of establishing that the showup was unduly suggestive, it was not necessary for the People to establish that the complainants had a source for their in-court identification of the defendant independent of the showup (*see People v Johnson*, 104 AD3d 705 [2013]; *People v Traylor*, 69 AD3d 659 [2010]; *People v Coad*, 60 AD3d 963 [2009]).

The defendant's contention that certain counts in the indictment were multiplicitous is unpreserved for appellate review (*see People v Allen*, 24 NY3d 441, 448-450 [2014]; *People v Cruz*, 96 NY2d 857 [2001]; *People v Salton*, 120 AD3d 838 [2014]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see People v Nash*, 77 AD3d 687 [2010]; *People v Martin*, 68 AD3d 1015 [2009]; *People v Morey*, 224 AD2d 730 [1996]). Mastro, J.P., Austin, Cohen and Barros, JJ., concur.