■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY SLATTERY, Appellant. [46 NYS3d 193]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered May 29, 2014, convicting him of robbery in the first degree and resisting arrest, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of five years, on the conviction of robbery in the first degree, to run concurrently with a definite term of incarceration of one year on the conviction of resisting arrest. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statements to law enforcement officials.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed

on the conviction of robbery in the first degree from a determinate term of imprisonment of 15 years, to be followed by a period of postrelease supervision of five years, to a determinate term of imprisonment of 10 years, to be followed by a period of postrelease supervision of five years; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied his motion to dismiss the indictment. The grand jury instructions were sufficient and did not impair the integrity of the proceeding (*see People v Calbud, Inc.*, 49 NY2d 389 [1980]; *People v Burch*, 108 AD3d 679, 681 [2013]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. The defendant was identified by the complainant at a showup procedure conducted near the crime scene. While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive (*see People v Brisco*, 99 NY2d 596, 597 [2003]; *People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 543 [1991]). Here, the evidence adduced at the suppression hearing established that the showup took place 30 minutes after the crime and a few blocks away from the crime scene (*see People v Loo*, 14 AD3d 716 [2005]; *People v Ponce de Leon*, 291 AD2d 415 [2002]; *People v Rodney*, 237 AD2d 541, 541-542 [1997]; *People v Thompson*, 215 AD2d 604, 605 [1995]). The People met their " 'initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure' " through the testimony of police officers who received the report of the crime, transported the complainant to the showup location, and secured the defendant during the showup (*People v Ortiz*, 90 NY2d at 537 [emphasis omitted], quoting *People v Chipp*, 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]; *see People v Mitchell*, 185 AD2d 249, 250 [1992]; *People v Sanchez*, 178 AD2d 567, 568 [1991]). In turn, the defendant failed to satisfy "the ultimate burden of proving that [the] showup procedure [wa]s unduly suggestive and subject to suppression" (*People v Ortiz*, 90 NY2d at 537). The defendant's contention that the complainant may have been improperly influenced at the time of the identification is purely speculative (*see People v Berry*, 50 AD3d 1047, 1048-1049 [2008]; *People v Dottin*, 255 AD2d 521 [1998]). Furthermore, the fact that the defendant was handcuffed and in the presence of police officers does not render the showup

unduly suggestive (*see People v Mack*, 135 AD3d 962, 963 [2016]; *People v Jerry*, 126 AD3d 1001, 1002 [2015]; *People v Charles*, 110 AD3d 1094, 1096 [2013]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047 [2008]; *People v Jay*, 41 AD3d 615 [2007]).

Further, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The evidence adduced at the hearing established that the subject statements were made in the context of a brief conversation between the defendant and a detective during the booking process. The statements were not made in response to express questioning or its functional equivalent (*see People v Acevedo*, 258 AD2d 140 [1999]; *People v Langston*, 243 AD2d 728 [1997]; *cf. People v Ferro*, 63 NY2d 316 [1984]), and the brief exchange was not likely to elicit an incriminating response (*see People v Carlos*, 139 AD3d 1080 [2016]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are without merit. Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.

Dillon, J.P., concurs in part and dissents in part, and votes to affirm the judgment, with the following memorandum: Upon his conviction of robbery in the first degree, the defendant could have received a sentence ranging from 5 to 25 years' imprisonment (*see* Penal Law § 70.02). Considering the circumstances of the offense and the fact that the defendant had previously been convicted of a robbery in Florida, the County Court's imposition of a 15-year sentence, in the middle of the permissible range, was not unduly harsh or excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]). Accordingly, I vote to affirm the judgment of conviction.