People v Lancaster (2018 NY Slip Op 07754)





People v Lancaster


2018 NY Slip Op 07754


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-01200
 (Ind. No. 787/15)

[*1]The People of the State of New York, respondent,
v
Herman Lancaster, appellant.


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered January 4, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The charges against the defendant arose from a shooting at a store in Brooklyn which resulted in the death of the victim. The shooting, which was captured on several surveillance cameras located inside and outside the store, showed an individual wearing a black jacket, a hat with a pompom, and a red scarf fire a gun several times at the victim as the victim fled from the store. The defendant and another individual were stopped by the police near the scene of the crime shortly after it occurred and taken into custody. At a showup identification conducted shortly thereafter, an employee of the store who witnessed the shooting identified the defendant as the perpetrator.
We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress identification evidence. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Huerta, 141 AD3d 602, 602). Here, the showup procedure took place approximately 30 minutes after the shooting and one block away from the crime scene. The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification through the testimony of the detective who brought the witness to the showup location, and through the testimony of the police officer who apprehended the defendant (see People v Slattery, 147 AD3d 788, 790; People v Bartlett, 137 AD3d 806, 806; People v Mack, 135 AD3d 962, 963; People v Jerry, 126 AD3d 1001, 1002; People v Ervin, 118 AD3d 910, 911; People v Sain, 111 AD3d 964, 965-966; People v Calero, 105 AD3d 864, 865). Contrary to the defendant's contention, the showup identification was not rendered unduly suggestive because he was handcuffed and in the presence [*2]of uniformed police officers and police cars (see People v Slattery, 147 AD3d at 790; People v Williams, 143 AD3d 847, 848; People v Bartlett, 137 AD3d at 806; People v Ward, 116 AD3d 989, 991).
The defendant's contention that the evidence was legally insufficient to support his convictions because the prosecution failed to establish his identity as the perpetrator of those crimes is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Lewis, 150 AD3d 1264, 1264; People v Thomas, 146 AD3d 991, 992; People v Calas, 134 AD3d 1043, 1045; People v Pride, 129 AD3d 869, 869; People v Delgado, 109 AD3d 483, 483). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Although the employee of the store was unable to make an in-court identification of the defendant as the perpetrator, despite his testimony that he saw the perpetrator at the store almost every day, he testified that at the showup identification, he positively identified the individual wearing the red scarf as the perpetrator (see People v Killings, 159 AD3d 1398, 1399; People v Dixson, 147 AD3d 484, 484). The police officer who apprehended the defendant and conducted the showup procedure confirmed that the defendant was wearing a red scarf (see People v John, 51 AD3d 819, 820).
The defendant also contends that the admission into evidence of an autopsy report prepared by a medical examiner through the testimony of another medical examiner employed by the Office of the Chief Medical Examiner for the City of New York deprived him of his constitutional right of confrontation. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Jackson, 125 AD3d 1002, 1004; People v Green, 110 AD3d 825, 826) and, in any event, without merit (see People v John, 27 NY3d 294, 315; People v Freycinet, 11 NY3d 38, 41; People v Portes, 125 AD3d 794, 794; People v Acevedo, 112 AD3d 454, 456; People v Herb, 110 AD3d 829, 830).
Contrary to the defendant's contention, the People established a sufficient chain of custody of certain clothing recovered from the defendant by providing reasonable assurances of the identity and unchanged condition of the clothing between its recovery and the trial (see People v Ortiz, 80 AD3d 628, 630; People v Caswell, 56 AD3d 1300, 1303; People v Miller, 242 AD2d 896, 897). Any deficiencies in the chain of custody went only to the weight to be accorded the evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494; People v Julian, 41 NY2d 340, 343; People v Mustafa, 114 AD3d 966, 967; People v Donovan, 141 AD2d 835, 836-837).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court